NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE L. DUPREE,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7092

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2023, Judge Donald L. Ivers.

---

Decided: August 9, 2011

---

LAWRENCE L. DUPREE, of Houston, Texas, pro se.

STEPHEN C. TOSINI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on

the brief was DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

PER CURIAM.

Lawrence L. Dupree, pro se, appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board") decision denying Mr. Dupree service connection for his lung condition. Because Mr. Dupree raises only factual contentions, we *dismiss* for lack of jurisdiction.

## I. BACKGROUND

Mr. Dupree served on active duty as a cook in the Army from July 1970 to January 1972. He complained of chest pain in October 1970, but an examination was negative. Mr. Dupree also sought treatment in 1970 for post-nasal drainage and a nonproductive cough. The chest x-ray resulting from this examination was negative. Mr. Dupree's January 1972 separation examination revealed a normal chest and lungs.

In January 2001, Mr. Dupree was hospitalized with respiratory ailments. A radiology scan revealed a condition consistent with pneumonia, and a computed tomography ("CT") scan discovered bullous lungs. Mr. Dupree was diagnosed with pneumonia, empyema, acute renal failure, acute respiratory distress syndrome, and a history of heavy alcohol use. He was eventually discharged from the hospital in February 2001.

While Mr. Dupree had no significant medical history before this 2001 hospitalization, records indicate that he had a "30 pack year history" of tobacco use, a history of drinking three to four beers a day during the week, six to twelve beers per day on weekends, and a remote history of marijuana use in the 1960s. Mr. Dupree disputes this characterization of his marijuana use, asserting that he did not use the substance until he joined the Army in 1970.

Later, in April 2001, a chest x-ray indicated that Mr. Dupree probably had fibrosis, as well as mild chronic obstructive pulmonary disease ("COPD"). The following month, Mr. Dupree "was assessed with chronic COPD with obstructive airflow, shortness of breath, and fatigue." Citing a lung condition, Mr. Dupree filed a claim for service connection in October 2001. The Department of Veterans Affairs ("VA") Regional Office ("RO") denied the claim in December of that year.

In September 2002, a private radiologist concluded that Mr. Dupree had "[i]nterstitial fibrosis typical of previous occupational exposure to silica dust diagnostic of silicosis." Mr. Dupree then renewed his claim for service connection by submitting a statement in May 2003 asserting that he was exposed to silica dust while working as a cook in the Army. The VA denied this claim. Mr. Dupree appealed to the Board, which remanded the case upon the parties' joint request.

In December 2008, Mr. Dupree was diagnosed with COPD/emphysema after undergoing a VA medical examination. The examiner determined that (i) Mr. Dupree's pulmonary condition was less likely than not related to his service as an Army cook; (ii) Mr. Dupree's 2001 pneumonia was "more likely than not" caused by his bullous

lungs; and (iii) those bullous lungs "were caused by alcohol use as well as . . . chronic tobacco use." The examiner also concluded that Mr. Dupree showed no signs of having silicosis, asbestosis, or fibrosis. Finally, the examiner noted that "[c]urrent medical literature does not list bullous lungs caused by exposure to asbestosis or silicosis. In addition it does mention that bullous lungs can cause . . . pneumonia as well as copd/emphysema."

Relying on the results from this medical examination, the Board denied Mr. Dupree's request for a service connection. In particular, the Board found "no competent medical evidence linking the Veteran's current lung disorder to his service."

The Veterans Court affirmed, explaining the Board did not err in relying on the December 2008 VA medical opinion to find no service connection because that opinion "reflects that the examiner reviewed the appellant's claims file and medical records, which included, inter alia, his CT scans, x-ray reports, and Dr. Levine's medical opinion." The court also noted that the 2008 VA medical opinion shows that the examiner considered Mr. Dupree's medical history, including his diagnosis of pneumonia in 2001, and reviewed medical literature. Finally, the court explained that "the fact that the examiner did not expressly reference all of the records identified by [Mr. Dupree] . . . did not render the examination inadequate, especially where, as here, the examination report reflects a thorough and detailed review of the medical evidence."

Mr. Dupree appealed the Veterans Court's decision to this court.

## II. DISCUSSION

Our jurisdiction to review decisions by the Veterans Court is limited. We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, we lack jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Dupree raises two primary arguments on appeal. First, he argues that the Veterans Court misapplied the relevant provisions of the VA Adjudications Procedure Manual M21-1 ("M21-1").[1] The M21-1 provisions at issue in this case involve the latent periods for diseases caused by asbestos. According to Mr. Dupree, his respiratory condition, which he asserts was caused by asbestos, has a latent period ranging from ten to forty-five or more years (meaning ten to forty-five years, or more, can elapse between the date of exposure to asbestos and the date the disease fully develops). Mr. Dupree first complained of his respiratory condition in 1970 and full development allegedly occurred thirty-one years later in 2001. Therefore, Mr. Dupree asserts that his disease fell within the latent period prescribed by M21-1. Mr. Dupree also argues that the evidence in the record clearly supports a nexus between his exposure to asbestos while in the

---

[1]   M21-1 "is an internal manual used to convey guidance to VA adjudicators" and does not have the force of a statute or regulation. *Haas v. Peake*, 525 F.3d 1168, 1196 (Fed. Cir. 2008).

military and the condition that eventually developed in 2001 before the latent period expired.

The Veterans Court addressed this argument, explaining that the Board correctly considered the latent period for asbestos-caused diseases set out in M21-1. The Board ultimately found, however, that the most probative evidence in the case (i.e., the 2008 medical report) suggested that Mr. Dupree did not have a disease caused by exposure to asbestos. This Board conclusion, which was affirmed by the Veterans Court, undermined Mr. Dupree's M21-1 latency argument because the guideline Mr. Dupree relies on applies primarily to diseases caused by asbestos.

As evident above, adopting Mr. Dupree's argument that his condition falls within the latent period established in M21-1 would require making evidentiary conclusions regarding a nexus between asbestos and Mr. Dupree's condition that would conflict with the Board's determinations. We lack jurisdiction to make such conclusions. *See* 38 U.S.C. § 7292(d)(2) (prohibiting this court from exercising jurisdiction over "challenges to factual determinations" in veterans cases). Therefore, we cannot grant Mr. Dupree the relief he desires under M21-1.

In his second argument on appeal, Mr. Dupree asserts that the Veterans Court erred in affirming the Board's reliance on the fact that marijuana contributed to his lung condition. In particular, Mr. Dupree argues that he did not use marijuana before he joined the Army and that this substance did not contribute to the onset of his condition. According to Mr. Dupree, the substance merely aggravated an already-existing condition. Once again, concluding as Mr. Dupree suggests would require us to upset

factual determinations made by the Board regarding the impact of his marijuana use on his lung condition, which were affirmed by the Veterans Court.  We lack jurisdiction to review challenges to such factual determinations. *See id.*

For the foregoing reasons, we dismiss Mr. Dupree's appeal for a lack of jurisdiction.

### COSTS

Each party shall bear its own costs.

**DISMISSED**